# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANOVER INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: |
| | ) |
| MUNSON SKI & INBOARD WATER SPORTS, INC., and REGINA ROCHA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

NOW COMES Plaintiff, HANOVER INSURANCE COMPANY, by and through its attorneys, and pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §2201, for its Complaint for Declaratory Judgment against Defendants, MUNSON SKI & INBOARD WATER SPORTS INC. and REGINA ROCHA, and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 based on diversity of citizenship between the Plaintiff and Defendants.

2. The matter in controversy in this cause exceeds $75,000.

3. Venue is proper in this matter pursuant to 28 U.S.C.A. §1391 because certain events giving rise to this matter occurred in this judicial district and the Defendants are subject to the personal jurisdiction of this Court.

## THE PARTIES

4. Plaintiff, Hanover Insurance Company, is a New Hampshire corporation with a principal place of business in Worcester, MA and therefore, is a citizen and resident of the states of New Hampshire and Massachusetts.

5. Defendant, Munson Board & Inboard Water Sports, Inc. is an Illinois corporation and a citizen and resident of Round Lake, Illinois.

6. Upon information and belief, Regina Rocha is a citizen and resident of Illinois. Ms. Rocha is joined in this suit as a necessary party defendant.

## THE HANOVER POLICY

7. The Hanover Insurance Company issued Commercial Lines Policy no. IHC8885100-07 to Munson Ski & Inboard Water Sports Inc. d/b/a Munson Ski & Marine and Mark Munson and Mary Jo Munson and Munson Properties L.L.C. for the policy period of October 1, 2017 to October 1, 2018 ("Hanover Policy"). A true and accurate copy of the Hanover Policy is attached hereto as **Exhibit A.**

## UNDERLYING CLAIM

8. On January 29, 2019, Regina Rocha ("Rocha") filed civil action no. 2019L012974 against Munson Ski & Inboard Water Sports, Inc., ("Munson") Chaparral Boats, Inc. and Mercury Marine, Inc. in the Circuit Court of Cook County, Illinois ("Rocha Lawsuit").

9. On February 26, 2021, Rocha filed a Second Amended Verified Complaint. A true and accurate copy of the Second Amended Verified Complaint is attached hereto as **Exhibit B.**

10. In the Second Amended Complaint, Rocha asserts six causes of action against Munson: Injunctive Relief Under The Magnusson Moss Warranty Act (Count I); Breach of Implied Warranty of Merchantability Under The Magnusson Moss Warranty Act (Count II); Commercial Code: Revocation Of Acceptance and Cancellation of Contract Under Section 2-608 and 2-711(1) of the Commercial Code (Count III); Common Law Fraud (Misrepresentation (Count VIII); Common Law Fraud (Fraudulent Concealment) (Count IX); and Illinois Consumer Fraud Act (Violation of Section 2) (Count X).

11. Rocha alleges that in July 2018, she bought a 2017 Chaparral boat from Munson. Rocha alleges that Munson falsely represented that the boat was new when, in fact, the boat was used or a demo.

12. Rocha alleges that Munson had taken the boat to one or several boat shows, that various persons had previously driven the boat, and that the boat had accumulated over 20 hours on its hour meter. Rocha also alleges that the dashboard and computer had been removed and reinstalled. Rocha further alleges that she learned in discovery that, prior to the sale to Rocha, the boat had been previously purchased and its hull and its engines were registered to a different individual and contact address.

13. Rocha also alleges that the boat was unreliable and dangerous. She alleges that the boat proved unreliable due to a problem with its steering mechanism, and that the boat had leakage problems, computer problems and door problems, which made the boat dangerous to use.

14. Rocha alleges that there were repeated steering failures during her ownership of the boat beginning in August of 2018, and that as of November 1, 2019, the boat had been inoperable for repairs for a total of over seventy days.

15. Rocha alleges that she notified Munson in November of 2019 that she was revoking the contract, but Munson refuses to refund her money

16. In Count I – Injunctive Relief Under the Magnuson-Moss Warranty Act, Rocha alleges that Munson breached the implied warranty of merchantability because the boat was defective and unmerchantable when it was sold  She alleges that Munson is in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)  thereby entitling Plaintiff to revoke her acceptance and cancel her contract.

17. In Count II -  Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act,  Rocha alleges that Munson breached the implied warranty of merchantability because the boat was defective and unmerchantable when it was sold.  She alleges that Munson is in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d) thereby entitling Plaintiff to revoke her acceptance and cancel her contract.

18. In Count III – Commercial Code: Revocation of Acceptance and Cancellation of Contract Under Sections 2-608 and 2-711(1) of the Commercial Code, Rocha alleges that the boat contained defects which substantially impaired its value to her,  thereby entitling her to revoke her acceptance of the boat and cancel the sales contract.

19. In Count VIII- Common Law Fraud (Misrepresentation), Rocha alleges that Munson knowingly engaged in common fraudulent misrepresentation by falsely representing that the boat was new.

20. In Count IX – Common Law Fraud (Fraudulent Concealment),  Rocha alleges that Munson knowingly engaged in common law fraudulent concealment by its concealment and non-disclosure of the condition of the boat, i.e., that it was not "new."

21. In Count X- Illinois Consumer Fraud Act (Violation of Section 2), Rocha alleges that Munson violated the Illinois Consumer Fraud Act by engaging in unfair or deceptive acts or practices by knowingly misrepresenting and concealing the condition of the boat. Rocha alleges that Munson affirmatively represented that the boat was new, and provided her with documents that deceived her into thinking the boat was new, which was false because the boat was not, in fact, new.

22. Rocha seeks to revoke the sale contract and obtain the purchase price of the boat. Alternatively, Rocha seeks damages in the amount of the diminished value. Rocha further alleges that Munson's conduct was willful or intentional and done with evil motive or reckless indifference to her rights, thereby entitling her to punitive damages.

23. On February 12, 2021, Munson first notified Hanover of the Rocha Lawsuit

24. Hanover contends it has no obligation to defend or indemnify Munson against the Rocha Lawsuit. Munson contends that Hanover has an obligation to defend and indemnify it against the Rocha Lawsuit. As a result, a present justiciable controversy exists regarding Hanover's rights and obligations, if any, with regard to these claims.

## COUNT I

### INSURING AGREEMENT

25. Hanover hereby incorporates the allegations contained in paragraphs 1 through 24 of this Complaint as though set forth fully herein as this paragraph 25.

26. The Insuring Agreement of the Hanover Policy states as follows:

**SECTION I -COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

\*\*\*

   b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period;

\*\*\*

27. "Property damage" is defined in **SECTION V- DEFINITIONS (17)** to include:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

28. "Occurrence" is defined in **SECTION V- DEFINITIONS (13)** as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

29. In the Rocha Lawsuit, Rocha asserts that a boat sold to her by Munson is defective and was falsely represented as a "new boat," thereby diminishing its value. Rocha seeks a revocation of her contract with Munson or alternatively, her economic losses caused by the alleged condition of the Insured's product.

30. Rocha alleges only economic loss, and not any injury to property. Accordingly, Rocha does not seek damages for "bodily injury" or "property damage" as those terms are defined in the Hanover Policy.

31. Moreover, even if "property damage" were alleged, such damage was not caused by an "accident." Therefore, any "property damage" was not caused by an "occurrence" as required to invoke coverage under the Hanover Policy.

32. Accordingly, the Rocha Lawsuit is outside the scope of coverage provided by the Hanover Policy, and Hanover has no obligation to defend or indemnify Munson against the Rocha Lawsuit.

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha, and granting Hanover such other and further relief as this Court deems just and proper.

## COUNT II

### INSURING AGREEMENT – DAMAGES

33. Hanover hereby incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though set forth fully herein as this paragraph 33.

34. The Insuring Agreement of the Hanover Policy states that Hanover will defend only those suits seeking damages because of "property damage."

35. In the Rocha Lawsuit, Rocha seeks equitable relief including the revocation of acceptance and cancellation or voiding of her contract with Munson, as opposed to any money damages caused by "property damage." Accordingly, the Rocha Lawsuit is outside the scope of coverage provided by the Hanover Policy, and Hanover has no obligation to defend or indemnify Munson against the Rocha Lawsuit.

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha, and granting Hanover such other and further relief as this Court deems just and proper.

### COUNT III

### PUNITIVE DAMAGES

36. Hanover hereby incorporates the allegations contained in paragraphs 1 through 35 of this Complaint as though set forth fully herein as this paragraph 36.

37. In the Rocha Lawsuit, Rocha seeks punitive damages based on Munson's alleged willful or intentional conduct, done with evil motive or reckless indifference as to Rocha.

38. Punitive damages based on an insured's own conduct are uninsurable as a matter of public policy. Accordingly, Hanover can have no obligation to defend or indemnify Munson against any punitive damages.

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha, and granting Hanover such other and further relief as this Court deems just and proper.

## COUNT IV

### (EXPECTED OR INTENDED EXCLUSION)

39. Hanover adopts and incorporates by reference paragraphs 1- 38 as though set forth herein as this paragraph 39.

40. The Hanover Policy contains Exclusion (a) which provides that the insurance does not apply to:

> a. **Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

41. By Exclusion (a), Hanover has no obligation to defend or indemnify any Insured against any claim seeking damages expected or intended by the Insured.

42. Rocha alleges only intentional and knowing conduct. Therefore, even assuming the Rocha Lawsuit were otherwise within the scope of coverage provided by the Hanover Policy, Hanover has no obligation to defend or indemnify Munson against the Rocha Lawsuit, by reason of Exclusion (a).

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha, and granting Hanover such other and further relief as this Court deems just and proper.

## COUNT V

## ("YOUR PRODUCT" EXCLUSION)

43. Hanover adopts and incorporates by reference paragraphs 1- 42 as though set forth herein as this paragraph 43.

44. The Hanover Policy contains Exclusion (k) which provides that the insurance does not apply to:

**k.** **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

45. "Your product" is defined in **SECTION V- DEFINITIONS** as:

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

\*\*\*

46. By Exclusion (k), Hanover has no obligation to defend or indemnify any Insured against any claim for "property damage" to Munson's "product," which is defined as products sold by Munson.

47. Accordingly, even assuming the Rocha Lawsuit did seek damages for "property damage" otherwise within the scope of coverage provided by the Hanover Policy, Exclusion (k) applies to preclude coverage because any such damage was to a product sold by Munson.

48. Hanover therefore has no obligation to defend or indemnify Munson against the Rocha Lawsuit, by reason of Exclusion (k).

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha, and granting Hanover such other and further relief as this Court deems just and proper.

### COUNT VI
### (EXCLUSION (m))

49. Hanover adopts and incorporates by reference paragraphs 1- 48 as though set forth herein as this paragraph 49.

50. The Hanover Policy contains Exclusion (m) which provides that the insurance does not apply to:

> **m.    Damage To Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

  (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

  (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of the sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

51. By Exclusion (m), Hanover has no obligation to defend or indemnify any Insured for "property damage" to property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in any product sold by the Insured.

52. Accordingly, even assuming the Rocha Lawsuit did seek damages for "property damage" otherwise within the scope of coverage provided by the Hanover Policy, Exclusion (m) applies to preclude coverage because any such damage arose out of an alleged defect, deficiency or dangerous condition in a product sold by Munson.

53. Hanover therefore has no obligation to defend or indemnify Munson against the Rocha Lawsuit, by reason of Exclusion (m).

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha and granting Hanover such other and further relief as this Court deems just and proper.

## COUNT VI

### ( LATE NOTICE)

54. Hanover adopts and incorporates by reference paragraphs 1- 53 as though set forth herein as this paragraph 54.

55. The Hanover Policy contains a notice provision, which states:

**SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . .

\*\*\*

b. If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit;" and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

56. Despite the notice provision contained in the Hanover Policy Munson did not provide notice to Hanover of the Rocha claim or Lawsuit as soon as practicable, nor did Munson

immediately send Hanover copies of the notices, summonses and legal papers received in connection with the Rocha Lawsuit.

57. Even assuming the Rocha Lawsuit were otherwise within the scope of coverage and/or not excluded, Munson breached the notice provision of the Hanover Policy by failing to provide notice of the lawsuit "as soon as practicable," as required by the Policy.

58. Hanover therefore has no obligation to defend or indemnify Munson against the Rocha Lawsuit, by reason of Munson's breach of the notice provision of the Hanover Policy.

WHEREFORE, Plaintiff, Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that Hanover has no obligation to defend or indemnify Defendant Munson Boat and Inboard Motor Sports, Inc. against the underlying claim asserted by Defendant Regina Rocha, and granting Hanover such other and further relief as this Court deems just and proper.

                                                                 Respectfully submitted,

                                        By: /s/ Michelle M. Bracke
                                            One of the Attorneys for Plaintiff, Hanover Insurance Company

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
550 W. Adams Street
3rd Floor
Chicago, Illinois 60661
Ph. 312.345.1718
Fax: 312.345-1778